JOSEPH TESTA, PLAINTIFF, v. THE TOWN OF BLOOM-
FIELD, A MUNICIPAL CORPORATION OF THE STATE
OF NEW JERSEY, AND THEODORE HOCK, COLLECTOR-
TREASURER OF THE TOWN OF BLOOMFIELD, DE-
FENDANTS.

Superior Court of New Jersey
Law Division

Decided December 8, 1961.

*Messrs. McGlynn, Stein & McGlynn,* attorneys for the plaintiff (*Mr. Roger H. McGlynn,* appearing).

*Mr. Joseph D. Lintott,* attorney for the defendants.

CONKLIN, J. S. C. The plaintiff, Joseph Testa, a resident and taxpayer of the Town of Bloomfield, brings this action in lieu of prerogative writs to test the validity of a town ordinance. At the pretrial hearing a complaint against Theodore Hock, the Collector-Treasurer of the Town of Bloomfield, was dismissed. Furthermore, at the time of pretrial, the facts as alleged in paragraphs 2 and 3 of the pretrial order were the facts to be stipulated in this case, and the case was agreed by the litigants to be decided on the briefs as to the questions of law and facts as stipulated.

The plaintiff, Testa, is a member of the Police Department of Bloomfield and was a member of the department before and subsequent to the enactment of the alleged ordinance. The said ordinance created the position of parking violations officer in the Division of Revenue, Department of Finance, of the Town of Bloomfield. It was introduced and passed on first reading on September 8,. 1959. Notices were published of the same and a public hearing was held on September 21, 1959. No constituent appeared to object to the passage of the ordinance, and it was finally adopted on the said date. However, one of the councilmen objected to section 2 of the ordinance, which provision places the parking violations officer in the Division of Revenue. The councilman argued that said officer should be placed in the Police Department. Notice of the adoption of the ordinance was published in the *Independent Press* on September 24, 1959, and the ordi-

nance became effective on October 5 of the same year. A civil service examination was called for the position, and a certified list of eligibles was delivered to the town, wherein three persons were certified. The plaintiff commenced his action on or about April 11, 1961. The ordinance provides that the duties of the parking violations officer are:

"1) To patrol assigned area.
2) To inspect the operation of parking meters.
3) To see that vehicles are properly parked.
4) To issue tickets to parking offenders.
5) To do related work."

The plaintiff does not contend that the Town of Bloomfield did not have the authority to create the position, but apparently claims the illegality and *ultra vires* action of the municipality in the placing of the new employees outside the Police Department.

The defendant municipality contends that the plaintiff is barred by *R. R.* 4:88–15(*a*) which provides:

"(a) No proceedings for review, hearing and relief in lieu of prerogative writs shall be commenced, unless it shall be commenced within 45 days of the accrual of the right to such review, hearing or relief, except as provided in paragraph (b) of this rule, and except as provided in Rule 1:3–1."

The plaintiff does not come under the exceptions of *R. R.* 1:3–1, nor under *R. R.* 4:88–15(*b*). However, *paragraph* (c) of the latter rule provides:

"(c) Where it is manifest that the interests of justice require, the court may enlarge the period of time provided for in paragraph (a) or (b) of this rule."

The plaintiff is clearly barred from bringing this action unless the court enlarges the time under *R. R.* 4:88–15(*c*), and no explanation has been given as to why the provisions of *paragraph* (c) should be invoked. See *Olsen v. Borough of Fair Haven,* 64 *N. J. Super.* 90, 95–96 (*App.*

*Div.* 1960). See also, *Robbins v. Jersey City,* 23 *N. J.* 229, 238 (1957), wherein Justice Burling said:

"The general proposition that exceptions to the time limitations imposed upon the in-lieu procedure should be but exceptionally condoned, and only in the most persuasive circumstances, remains the same."

The court will not pass on the question of laches or estoppel at this time nor invoke the provision of *paragraph* (c) of *R. R.* 4:88–15, but will determine the matter on its merits.

Undoubtedly, the plaintiff has not shown, nor has he made any claim of harm or injury to himself, as a taxpaying resident of the defendant municipality. He undoubtedly is motivated by other reasons, particularly his interest in the Police Department.

▉ Where a municipality utilizes parking meters to help discipline the town parking problem, said municipality has the right to place the control, collection, and supervision of the same in a department other than the Police Department. In fairness to the plaintiff, he does not contend that the police should mechanically execute the work involved but alleges that the effectuation of the program should be placed under the supervision of the Police Department. *N. J. S. A.* 39:4–197 deals with parking meters and *N. J. S. A.* 39:5–1 provides:

"The enforcement of this subtitle shall be vested in the commissioner, the inspectors appointed under his authority, and the police or peace officers of, or inspectors duly appointed for that purpose by, any municipality or county or by the State. * * *"

*R. S.* 39, commonly known as the Motor Vehicle Act, clearly indicated that it was within the intent of the Legislature that this type of regulation could be executed by inspectors. There is nothing in the charter or in the designation of the departments that would require rigid departmentalization of the supervision of parking meters.

*R. S.* 40:72–5 states:

"The board of commissioners shall determine the powers and duties to be performed by each department and shall assign such powers and duties to each department as it may deem appropriate. The board shall prescribe the powers and duties of all officers and employees and may assign particular officers and employees to one or more departments and may require any officer or employee to perform duties in two or more departments if the work required of such officer or employee in such different departments be similar in character, and make such other rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the municipality."

To permit a taxpayer, who has not been harmed, to force this activity into the ambit of the Police Department, requiring the necessary supervision and semi-military organization of said department, would be against the best interests of the town. Under plaintiff's approach, the meter collectors would become *quasi*-police officers, without possessing the necessary qualifications therefor. That such a situation would prove unreasonable is patently self-evident.

To prohibit a municipal corporation from exercising reasonable flexibility and sound business management in functioning under its charter is to judicially sustain the detriment of the public welfare of the citizens of Bloomfield. Plaintiff has clearly not proven that the Town of Bloomfield abused its discretion in effectuating the questioned classification.

Judgment for defendant.